## UNITED STATES ex rel. GILLEM v. CARUSI et al., Board of Education.

Court of Appeals of District of Columbia. Submitted April 1, 1929. Decided May 6, 1929.

No. 4884.

J. S. Easby-Smith, D. A. Pine, and F. W. Hill, Jr., all of Washington, D. C., for appellant.

W. W. Bride and F. H. Stephens, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District, dismissing a mandamus proceeding to compel the board of education to classify appellant in and assign him to class 2, group C, of teachers in the junior high schools of the District.

Appellant was appointed in February, 1924, a teacher in the junior high schools, and has continued in that position. Under section 1 of the Act of June 4, 1924 (43 Stat. 367), he was assigned to group A of class 2 as one "who possesses the eligibility requirements of teachers in the elementary schools, and who in addition has met the higher eligibility requirements established by the board of education for teachers in junior high schools." It is conceded that he was properly required to take an examination to demonstrate this eligibility. Section 1 further provided that: "A teacher in the junior high school who possesses the eligibility requirements of teachers in the senior high and normal schools shall be paid in accordance with the following schedules. * * * "

Appellant, in August of 1924, was graduated from Howard University, of the District of Columbia (an accredited college), with the degree of A. B. He has taken no examination since his original appointment, and insists that none is required under the law. In other words, he contends that the mere fact that he has acquired a college degree entitles him, without more, to placement as one possessing "the eligibility requirements of teachers in the senior high and normal schools."

Under section 6 of the Act of June 20, 1906 (34 Stat. 316): "No teacher, head of department, principal, or supervising principal shall be appointed to any position in the graded schools, high schools, manual training schools, or normal schools, and no director, assistant director, or teacher of special studies shall be appointed until he shall have passed an examination prescribed by the boards of examiners. No person without a degree from an accredited college, or a graduation certificate from an accredited normal school, such normal-school graduate to have had at least five years of experience as a teacher in a high school, shall hereafter be

appointed to teach any academic or scientific subjects in the normal, high, and manual training schools." Two exceptions are made, but they do not apply to this case.

These provisions, not being inconsistent with the act of 1924, are still in force. Section 19, Act of 1924.

Thus, under the act of 1906, an applicant for appointment as a teacher in the high schools of the District is required to take an examination to demonstrate his eligibility. He must also possess a degree from an accredited college, or a graduation certificate from an accredited normal school, and, in addition to such certificate, must have had at least five years' experience as a teacher in a high school.

Junior high schools first were recognized by the act of 1924, and in the first part of section 1 of that act Congress also recognized a distinction between teachers possessing the eligibility requirements of teachers in the elementary schools and those who, in addition, have met "the higher eligibility requirements established by the board of education for teachers in junior high schools." To demonstrate this higher eligibility requirement, it is conceded that an examination is necessary. In the same section, Congress recognized another class of junior high school teachers who possess "the eligibility requirements of teachers in the senior high and normal schools." These classes are also recognized in section 6, paragraphs (d) and (e), of the act of 1924.

Section 2 of the act of 1924 empowers and directs the board of education, "on recommendation of the superintendent of schools, to classify and assign all teachers, * * * to the salary classes and positions in the foregoing salary schedule."

Section 3 of the act of 1924 authorizes, empowers, and directs the board "to assign, at the time of appointment, teachers * * * hereafter appointed to the salary classes and positions in the foregoing salary schedule in accordance with previous experience, eligibility qualifications possessed, and the character of the duties to be performed by such persons."

It is apparent that, if appellant sought appointment as a high school teacher, he would be required to take an examination, notwithstanding his college degree, and yet he contends that the possession of such a degree meets the eligibility requirements of teachers of senior high schools.

In our view, the board rightly required him to submit to an examination to establish such eligibility. A different view would be unreasonable and inconsistent with the quoted provisions of the act of 1906. Admittedly, he must submit to an examination before appointment as a high school teacher. We think it equally plain that he must likewise submit to an examination to demonstrate that he possesses the eligibility requirements of such a teacher.

Our attention has been drawn to the Act of February 28, 1929, amending the act of 1924 by repealing the provisions which we have quoted from section 1 of that act, and expressly providing in section 2 of the Act of February 28, 1929, c. 357: "That the board of education is hereby authorized to establish the eligibility requirements and prescribe such methods of appointment or promotion for teachers in the junior high schools as it may deem proper, subject to provisions of law covering such matters now in effect or which may hereafter be enacted."

We see nothing in this act inconsistent with our conclusion. The purpose of the amendment evidently was to make still plainer the congressional intent.

The decision is affirmed, with costs.

Affirmed.